SHAW, Justice
(concurring in part and dissenting in part).
I concur in part and dissent in part. The facts in this case are set out in Justice Parker’s special writing, and I see no need to repeat them here. It is sufficient to note that, according to G.C., in early 2003 she told Principal Larry Turner and Superintendent Dennis L. Mixon that L.N. and Willie White, Jr., were engaged in a sexual relationship. Additionally, N.C. testified that, shortly thereafter, she met with Mixon and also informed him that L.N. and White were involved sexually. The standard of review requires that we consider this evidence in the light most favorable to the nonmovant. Brown v. W.P. Media, Inc., 17 So.3d 1167, 1169 (Ala.2009).
No investigation of whether a sexual relationship existed between L.N. and White occurred as a result of G.C.’s and N.C.’s 2003 allegations; the first investigation occurred in early 2004, when L.N.’s stepfather discussed with Turner certain rumors that L.N. and White were involved in a sexual relationship. The failure to conduct an investigation after the 2003 allegations would indicate that Turner and Mixon violated the Monroe County Board of Education’s sexual-harassment policy, *482 which requires an “immediate” investigation into an allegation of sexual harassment. Thus, I believe that a genuine issue of material fact exists regarding whether Turner and Mixon, under 20 U.S.C. § 1681 et seq. (“Title IX”), had notice that L.N. was being sexually harassed and whether, by failing to initiate an investigation under the sexual-harassment policy, they exhibited “deliberate indifference” to the harassment, thus rendering them liable under Title IX. Doe v. School Bd. of Broward County, Fla., 604 F.3d 1248 (11th Cir.2010).[10] Additionally, a genuine issue of material fact exists regarding whether Turner and Mixon failed to adhere to the Board’s rules and regulations governing their activities, i.e., the sexual-harassment policy, thus depriving them of State-agent immunity from L.N.’s State-law claims. Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000) (“[A] State agent shall not be immune from civil liability in his or her personal capacity ... when ... rules[ ] or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise....”). Given these genuine issues of material fact, I would reverse the summary judgment in favor of Turner and Mixon on L.N.’s Title IX and State-law claims. As to all the remaining issues on appeal, including the judgment in favor of the appellees on L.N.’s claims under 42 U.S.C. § 1983, I would affirm the trial court’s judgment.

. However, I am not convinced that the summary judgment in favor of the Board on the Title IX claim is due to be reversed. In Doe, the court noted that "school districts may not be held liable on a theory of respon-deat superior....” Doe, 604 F.3d at 1254. I see no argument presented in the materials before me indicating that the Board could be held liable under Title IX in this case.